# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
07/14/2014
CT Log Number 525311885

TO: Deloris Stephenson
Tractor Supply Company
200 Powell Place
Brentwood, TN 37027

RE: **Process Served in Oklahoma**

FOR: TRACTOR SUPPLY COMPANY (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Kendall R. Ousley, Pltf. vs. Tractor Supply Company, etc., Dft. |
| DOCUMENT(S) SERVED: | Summons, Return(s) of Service, Petition |
| COURT/AGENCY: | Muskogee County District Court, OK<br>Case # CJ14256 |
| NATURE OF ACTION: | Employee Litigation - Discrimination - Retaliation - Race |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Oklahoma City, OK |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 07/14/2014 postmarked on 07/11/2014 |
| JURISDICTION SERVED: | Oklahoma |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Amber Peckio<br>Garrett Law Center, PLLC<br>PO Box 1349<br>Tulsa, OK 74101-1349<br>918-895-7216 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 07/14/2014, Expected Purge Date: 07/19/2014<br>Image SOP<br>Email Notification, Karen Austin kaustin@tractorsupply.com<br>Email Notification, Ben Parrish bparrish@tractorsupply.com<br>Email Notification, Deloris Stephenson dstephenson@tractorsupply.com |
| SIGNED: | The Corporation Company |
| PER: | Amy McLaren |
| ADDRESS: | 1833 South Morgan Road<br>Oklahoma City, OK 73128 |
| TELEPHONE: | 800-592-9023 |

Page 1 of 1 / DM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Garrett Law Center
P.O. Box 1349
Tulsa, OK 74101-1349

CERTIFIED MAIL

7012 0470 0000 2874 8853

$006.34⁰ PITNEY BOWES
02 1P
0001044621 JUL 11 2014
MAILED FROM ZIP CODE 74103

Tractor Supply Company
1833 S. Morgan Road
Oklahoma City, OK 73128

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

KENDALL R. OUSELY, )
)
    Plaintiff, )
)
vs. ) Case No. CJ-14-256
)
TRACTOR SUPPLY COMPANY )
a corporation, )
)
    Defendant. )

ORIGINAL

## SUMMONS

To the above-named Defendant(s):  Tractor Supply Company
                                       1833 S. Morgan Road
                                       Oklahoma City, OK 73128

      You have been sued by the above-named plaintiff(s), and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with the costs of the action.

      If Interrogatories and Request for Production of Documents are served with this Petition, you are directed to answer the Interrogatories and produce the documents requested within **forty-five (45) days** after service of these Interrogatories and Request for Production of Documents.

      Issued this 3rd day of ~~May~~ July, 2014.

                                                                                       , Court Clerk

                                                             By: _____, Deputy Court Clerk

(Seal)
Attorney(s) for Plaintiff(s): Amber Peckio Garrett, OBA #19908

Name:        **GARRETT LAW CENTER, PLLC**
Address:     P.O. Box 1349
                 Tulsa, OK 74101-1349
                 (918) 895-7216

This summons was served on _____.
                                              (Date of Service)

                                                                         _____
                                                                       (Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

## RETURN OF SERVICE
## PERSONAL SERVICE

I Certify that I received the foregoing summons on the _____ day of _____, 2014, and that I delivered a copy of said summons with a copy of the petition attached to each of the following named defendants personally in _____ County at the address and on the date set forth opposite each name, to wit:

| Name of Defendant: | Address: | Date of Service: |
|---|---|---|
| ...................... | ...................... | .............. |
| ...................... | ...................... | .............. |
| ...................... | ...................... | .............. |

### FEES

Fee for service $_____, Mileage $_____, Total $ _____

Dated this _____ day of _____, 2014.

Process Server:
By:_____
_____County, Oklahoma

## RETURN OF SERVICE
## USUAL PLACE OF RESIDENCE

I certify I received the foregoing summons on the ......... day of ..........................., 2014, and that on ............, I served ............................................. by leaving a copy of said summons with a copy of the petition attached at ............................. which is his usual place of residence, with ...................., a person over fifteen (15) years of age who resides therein.

## RETURN OF SERVICE
## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendant(s) at the address shown by certified mail, addressee only, return receipt requested on the ..........

day of ...................., 2014, and receipt thereof on the dates shown:

| Name of Defendant: | Address: | Date of Service: |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

KENDALL R. OUSLEY )
)
    Plaintiff, )
)
vs. ) Case No. CJ-14-256
) Judge _____
TRACTOR SUPPLY COMPANY )
a corporation, )
)
    Defendant. )

## PETITION

**COMES NOW** Kendall R. Ousley (hereinafter "Plaintiff"), by and through his attorneys of record, Amber Peckio Garrett of the Garrett Law Center, PLLC, and brings this action against the Tractor Supply Company, a corporation, (hereinafter "Defendant"), for violations of his constitutionally protected rights arising out of his employment.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Muskogee, Muskogee County, State of Oklahoma.

2. Defendant is a foreign corporation regularly doing business in Muskogee, Muskogee County, State of Oklahoma.

3. The incidents and occurrences that form the basis of Plaintiff's action occurred in Muskogee, Muskogee County, State of Oklahoma.

4. Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining to the EEOC of discrimination based on his race, his age and retaliation by his employer, the Defendant. A Notice of Right to Sue, dated April 08, 2014, was received by the Plaintiff and this Petition has been filed within

1

ninety days (90) of the receipt of the Notice of Right to Sue. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. This Court has jurisdiction and venue is proper in Muskogee County, Oklahoma.

6. Plaintiff brings this action for damages under the Okla. Stat. tit. 25 § 1101 *et seq.*; Title VII of the Civil Rights Act of 1964; and the Equal Employment Opportunity Commission (EEOC), for discriminating against him on the basis of his race and retaliation by his employer, the Defendant.

7. Compensatory damages are sought pursuant to the Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; and the EEOC.

8. Punitive damages are sought pursuant to the Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; and the EEOC.

9. Costs and attorney's fees may be awarded pursuant to the Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; and the EEOC.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff incorporates paragraphs 1 through 9, as if realleged.

11. Defendant hired Plaintiff as a Feed Stocker on April 25, 2013.

12. Plaintiff is an African American/black man.

13. Approximately on August 31, 2013, the Plaintiff's co-worker, Morgan Smith ("Ms. Smith"), who was employed by the Defendant made a racist statement to the Plaintiff when she referred to him as a "nigger" in the presence of his manager, Dara Chase ("Supervisor Chase").

14. The Plaintiff was highly offended by this racist remark and complained immediately after the incident to Supervisor Chase who was the person both Ms. Smith and Plaintiff reported to.

15. Supervisor Chase responded to plaintiff by making a facial expression insinuating Plaintiff should not make Ms. Smith angry and stated "get back to work" to Plaintiff.

16. The Plaintiff never heard if his complaints to Supervisor Chase were addressed with Ms. Smith and alleges herein that his concerns were disregarded.

17. Later, after Plaintiff complained of the racist remark made by Ms. Smith, Ms. Smith was promoted to Team Leader, and then was Plaintiff's immediate supervisor. After, Ms. Smith's promotion, she harassed plaintiff.

18. On September 27, 2013, the Plaintiff called the U. S. Equal Employment Opportunity Commission ("EEOC") and filled out and mailed a U. S. Equal Employment Opportunity Commission Intake Questionnaire.

19. Around the same time (see paragraph 18), Plaintiff also complained to Human Resources at Tractor Supply Company. Human Resources asked what Plaintiff wanted them to do, to which Plaintiff respond he wanted Human Resources to do what they found necessary since they are in a proper position to make decisions on this matter.

20. Human Resources had Supervisor Chase and another Supervisor who was new to the company meet with Plaintiff. When meeting with Plaintiff, Supervisor Chase claimed she did not remember the incident. They also informed him that Ms. Smith had quit her job for school, an unrelated matter to this occurrence. Supervisor Chase inquired to Plaintiff if her quitting resolved the issue.

21. On October 08, 2013, the EEOC mailed a letter to Human Resources at Tractor Supply Company.

22. On November 29, 2013, EEOC sent charges to Tractor Supply Company, and concurrently, Tractor Supply Company decreased Plaintiff's hours from his normal average of 27-32 weekly to 17-18 weekly.

23. On December 15, 2013, Tractor Supply Company hired a new employee as plaintiff's co-worker. The new employee received a higher pay than Plaintiff and more hours. The new employee was also promoted over Plaintiff after only a few weeks of being hired in despite of Plaintiff working at Tractor Supply for several months.

24. On February 28, 2014, Plaintiff had to discontinue work due to a shoulder injury, however; during this time plaintiff decided to not come back to work because of the retaliatory nature of defendant and its employees, failure of Tractor Supply to promote him, and racial discrimination.

25. On April 8, 2014 EEOC sent a right to sue notice to Plaintiff.

## FIRST CLAIM FOR RELIEF
## RETALIATION AND DISCRIMINATION ON BASIS OF RACE

26. Plaintiff incorporates paragraphs 1 through 22, as if realleged.

27. Defendant engaged in unlawful employment practices in violation of the Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; and the EEOC.

28. An employer may not harass or otherwise "retaliate" against an individual for filing a charge of discrimination or otherwise opposing discrimination. (the Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; and the EEOC.)

29. An employee is protected from coercion, intimidation, threat, harassment or interference in an employee's exercise of their own rights.

30. The Plaintiff is a black man. Ms. Smith has a long-standing pattern of harassing, threatening, intimidating and interfering with the Plaintiff's exercise of his own rights and the Defendant has not taken action against Ms. Smith or Supervisor Chase, as required by law.

31. Approximately on August 31, 2013, the Plaintiff 's co-worker, Ms. Smith, who was employed by the Defendant made a racist statement to the Plaintiff when she referred to him as a "nigger" in the presence of his manager, Supervisor Chase.

32. The Plaintiff was highly offended by this racist remark and complained to Supervisor Chase who was the person both Ms. Smith and Plaintiff reported to.

33. Supervisor Chase responded to plaintiff by making a facial expression insinuating Plaintiff should not make Ms. Smith angry and stated "get back to work" to Plaintiff.

34. The Plaintiff never heard if his complaints to Supervisor Chase were addressed with Ms. Smith and alleges herein that his concerns were disregarded.

35. Later, after Plaintiff complained of the racist remark made by Ms. Smith, Ms. Smith was promoted to Team Leander, and then was Plaintiff's immediate supervisor. After, Ms. Smith's promotion, she harassed plaintiff.

36. On September 27, 2013, the Plaintiff called the U. S. Equal Employment Opportunity Commission ("EEOC") and filled out and mailed a U. S. Equal Employment Opportunity Commission Intake Questionnaire.

37. Around the same time (see paragraph 36), Plaintiff also complained to Human Resources at Tractor Supply Company. Human Resources asked what Plaintiff wanted them to do, to which Plaintiff respond he wanted Human Resources to do what they found necessary since they are in a proper position to make decisions on this matter.

38. Human Resources had Supervisor Chase and another Supervisor who was new to the company meet with Plaintiff. When meeting with Plaintiff, Supervisor Chase claimed she did not remember the incident. They also informed him that Ms. Smith had quit her job for school, an unrelated matter to this occurrence. Supervisor Chase inquired to Plaintiff if her quitting resolved the issue.

39. On October 08, 2013, the EEOC mailed a letter to Human Resources at Tractor Supply Company.

40. On November 29, 2013, EEOC sent charges to Tractor Supply Company, and concurrently, Tractor Supply Company decreased Plaintiff's hours from his normal average of 27-32 weekly to 17-18 weekly.

41. On December 15, 2013, Tractor Supply Company hired a new employee as plaintiff's co-worker. The new employee received a higher pay than Plaintiff and more hours. The new employee was also promoted over Plaintiff after only a few weeks of being hired in despite of Plaintiff working at Tractor Supply for several months.

42. On February 28, 2014, Plaintiff had to discontinue work due to a shoulder injury, however; during this time plaintiff decided to not come back to work because of the retaliatory nature of defendant and its employees, failure of Tractor Supply to promote him, and racial discrimination.

43. On April 8, 2014 EEOC sent a right to sue notice to Plaintiff.

44. Plaintiff believes he was retaliated against due to his race and for complaining to the EEOC of coercion, intimidation, threat, harassment or interference in an employee's exercise of their own rights, discrimination of race.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for:

a. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

b. Compensatory damages for his physical anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d. His attorney fees and the costs and expenses of this action; and

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff incorporates paragraphs 1 through 46, as if realleged.

46. Defendant's actions of intentional and malicious discrimination of race and retaliation leading to termination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

**WHEREFORE**, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual and punitive damages in excess of Seventy-Five Thousand Dollars ($75,00000), with interest accruing from date of filing of suit, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, compensatory damages for physical anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees and costs, injunctive relief and all other relief deemed appropriate by this Court.

## JURY DEMAND

**COMES NOW**, the Plaintiff, Kendall Ousley, and hereby demands a trial by jury to decide all issues brought forth in this Petiton.

Respectfully submitted,

GARRETT LAW CENTER, PLLC

By: *[signature]*

Amber Peckio Garrett, OBA #19908
D. Mitchell Garrett, Jr., OBA #20704
P. O. Box 1349
Tulsa, Oklahoma 74101-1349
Telephone: (918) 895-7216
Facsimile: (918 895-7217

**ATTORNEY'S LIEN CLAIMED & JURY DEMANDED**

# On Demand Court Records

- Pricing
- Login
- Sign Up

- New search
- Modify search
- (1) Results

## Case Information

OUSLEY, KENDALL R. vs. TRACTOR SUPPLY COMPANY

| | |
|---|---|
| **Case Identifier** | Muskogee OK — CJ-2014-00256 Monitor this case |
| **Type of Case** | Civil Cases in which the relief sought exceeds $10,000 |
| **Date Filed** | 07/03/2014 |
| **Amount Owed** | $0.00 (as of 07/31/2014 03:48pm) |

## Offense or Cause

- DAMAGES ($10,001 OR MORE)

## Parties Involved

| | | |
|---|---|---|
| **Plntf Atty.** | GARRETT, AMBER PECKIO *of Tulsa OK* | |
| **Judge** | STOUT, WELDON | |
| **Plaintiff** | OUSLEY, KENDALL R. | Monitor this person |
| **Defendant** | TRACTOR SUPPLY COMPANY | Monitor this person |

## Case entries

| Date | Description | Amount |
|---|---|---|
| 07/03/2014 | FILE & ENTER PETITION | $163.00 |
| | LAW LIBRARY | $6.00 |
| | DISPUTE MEDIATION | $2.00 |
| | Oklahoma Court Information System Fee - Effective 07/01/04 | $25.00 |
| | LENGTHY TRIAL FUND | $10.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| 07/03/2014 | SUMMONS ISSUED TO ATTY FOR SERVICE BY PROCESS SERVER | $5.00 |
| **Grand Total** | | **$218.70** |

"OUSLEY, KENDALL R. vs. TRACTOR SUPPLY COMPANY (CJ-2014-00256) | Ok... Page 2 of 2

6:14-cv-00820-RAW Document 3-1 Filed in ED/OK on 08/01/14 Page 15 of 15

# Receipts

| Date | Description | Amount |
|---|---|---|
| 07/07/2014 | Receipt R2-353397 received of GARRETT LAW CENTER PLLC | $218.70 |
| **Grand Total** | | **$218.70** |

- Contact Us
- Advertise your business
- Like us on Facebook
  Follow us on Twitter

© 2012 - KellPro, Inc.
Terms of Service